FILED
U.S. District Court
District of Kansas

FEB 17 2026

Clerk, U.S. District Court
By_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL FRIEDMANN,<br><br>Petitioner/Plaintiff,<br><br>UNIVERSITY OF KANSAS, ANGELA KARLIN, in her official capacity as Director of Financial Aid & Scholarships;<br>DOUGLAS A. GIROD, M.D., in his official capacity as Chancellor;<br>KIM SCHLIE GRUNEWALD, in her official capacity as General Counsel & Vice Chancellor for Legal Affairs,<br><br>Respondents/Defendants. | CASE NO.:  **5:26-cv-04021-HLT-RES**<br><br>COMPLAINT FOR DISABILITY DISCRIMINATION, DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES<br><br>[JURY TRIAL DEMANDED] |

## I.  INTRODUCTION

1. This is a civil rights action arising from Defendants' categorical decision to deny Plaintiff access to the University of Kansas ("KU") Cost of Attendance ("COA") appeal process for disability-related and medical expenses—based not on the merits of any request or adequacy of documentation, but on KU's asserted concern over Plaintiff's accumulated loan debt.

2. KU approved Plaintiff's COA appeals for approximately four years when supported by documentation, and then reversed course on December 8, 2025 via an "institutional

decision" that Plaintiff would be denied all future COA increases except those already included in the standard COA.

3. Plaintiff seeks (i) a declaration that Defendants' actions violate federal disability discrimination laws, and (ii) an injunction prohibiting KU from denying or preventing Plaintiff's access to the COA appeal process on discriminatory or debt-threshold grounds tied to disability-related circumstances, along with compensatory damages and attorneys' fees.

## II.  JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

5. This Court has jurisdiction under 28 U.S.C. § 1343(a) because this action seeks redress for the deprivation of rights secured by federal civil rights laws.

6. This Court has supplemental jurisdiction over related Kansas-law claims under 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events and omissions giving rise to these claims occurred in Kansas, at KU in Lawrence, Kansas.

## III. PARTIES

8. Plaintiff Michael Friedmann is a long-standing KU student who completed an M.S. in Special Education and is pursuing a Master's in Homeland Security Policy at the KU School of Law and a Master's in Educational Administration with a Building Leadership Certification.

9. Defendant The University of Kansas is a public university, a "public entity" under Title II of the ADA, and a recipient of federal financial assistance under Section 504 of the Rehabilitation Act.

10. Defendant Angela Karlin is KU's Director of Financial Aid & Scholarships and is sued in her official capacity for prospective declaratory and injunctive relief.

11. Defendant Douglas A. Girod, M.D. is KU's Chancellor and is sued in his official capacity for prospective declaratory and injunctive relief.

12. Defendant Kim Schlie Grunewald is KU's General Counsel & Vice Chancellor for Legal Affairs and is sued in her official capacity for prospective declaratory and injunctive relief.

13. Plaintiff seeks prospective injunctive and declaratory relief against the official-capacity Defendants to end ongoing violations of federal law consistent with Ex parte Young.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's disability-related needs and COA appeals

14. Plaintiff has disability-related and medical expenses and has relied on KU's COA appeal process to request increases to the standard cost of attendance budget to account for documented expenses, including disability-related medical costs.

15. KU's COA policy allows COA components to be increased when a student has "excess expenses," including medical and disability-related costs, and states the process is handled case-by-case using professional judgment.

16. For approximately four years, Plaintiff submitted COA appeals primarily to cover disability-related and medical expenses (e.g., surgeries, medications, medical costs). Each appeal was supported by documentation and was approved by KU.

17. Plaintiff relies on Grad PLUS loans for graduate school financing. The Grad PLUS program places no fixed cap on borrowing other than the school-certified COA. The Grad PLUS program is not "financially need-based" and exists specifically to provide supplementation of costs to graduate and professional students. The Plaintiff is grandfathered in for an additional three-years after the July 2025 fade-out deadline that ends Grad PLUS for new students. As a matter of record, the Plaintiff has never been denied a Grad PLUS loan from the Department of Education, and the denial in this matter is specific to the University of Kansas refusing to approve the Plaintiff's COA Appeal and disburse the funds already sent to the by the Department of Education.

**B. KU's categorical "institutional decision" barring future COA increases**

18. On December 8, 2025, KU Financial Aid announced by email an "institutional decision" to deny any and all future COA increase requests from Plaintiff, except those strictly for expenses related to education. This decision was made by Angela Karlin, the Director of Financial Aid & Scholarship Services. The email contained the following:

> "I have processed your most recent COA appeal that was submitted on 11/26/2005. After consulting with our Director and reviewing your total loan debt, documentation, and surrounding circumstances, we have made an institutional decision that moving forward, we will only process COA increase requests for you for expenses that are directly related to your educational expenses outlined in the University's Cost of Attendance policy: https://services.ku.edu/TDClient/818/Portal/KB/ArticleDet?ID=20930. This decision is based on the significant amount of total loan debt that you have incurred, which to date totals $1,316,487."

19. On December 8, 2025, the Plaintiff submitted a Memorandum of Law challenging the decision made by Angela Karlin, the Director of Financial Aid & Scholarship Services.

20. On December 8, 2025, the Plaintiff reached out to the Civil Rights Office at the University of Kansas to file a complaint. The Civil Rights Office advised the Plaintiff to wait and see what the University of Kansas Financial Aid Office would do in the new semester in January 2026 before moving forward.

21. On December 11, 2025, the Plaintiff received an email from Angela Karlin, the Director of Financial Aid & Scholarship Services stating the following:

> "I am acknowledging receipt of your Memorandum. The University's position regarding your most recent COA appeal has not changed. However, the University has and will continue to consider each of your COA requests on a case-by-case basis in accordance with applicable law, including nondiscrimination laws. You are therefore welcome to submit requests and documentation to my office, and we will consider each of those requests on an individualized basis. Additionally, as you were previously informed, your discrimination concerns have been reported to the OCRTIX for review. If you have additional questions or concerns regarding that process or the allegations you raised, I encourage you to contact OCRTIX."

22. This email response led the Plaintiff to believe that the matter had been resolved, and that the Plaintiff would have fair and unbiased access to the COA Appeal process, this was the furthest from the truth, as when the Plaintiff submitted a COA Appeal in January 2026 for costs for life-saving prescription medications related directly to his disability, the University of Kansas denied the COA appeal and responded on February 3, 2026 with the same blanket statement with the reason for denial. The email stated the following:

> "After careful review of your Professional Judgment: Special Circumstance - COA Appeal appeal, a decision has been made and your request has been denied.

After consulting with our Director and reviewing your total loan debt, documentation, and surrounding circumstances, we have made an institutional decision that moving forward, we will only process COA increase requests for you for expenses that are directly related to your educational expenses outlined in the University's Cost of Attendance policy: https://services.ku.edu/TDClient/818/Portal/KB/ArticleDet?ID=20930. This decision is based on the significant amount of total loan debt that you have incurred, which to date totals $1,412,465. Please refer to the following "Limiting Direct Loan Borrowing" policy if you wish to appeal this decision: https://services.ku.edu/TDClient/818/Portal/KB/ArticleDet?ID=21648."

23. On February 3, 2026 the Plaintiff submitted an appeal per the guidance in the email above.

24. KU cited as its sole rationale "the significant amount of total loan debt" Plaintiff had accrued (approximately $1.316 million).

25. KU did not announce any general policy change applicable to all students and did not identify any published rule establishing a "debt limit" for COA appeals. The decision was specific to Plaintiff.

26. By singling out Plaintiff and categorically denying future COA appeals, KU effectively prevents Plaintiff from accessing a financial aid benefit and process that remains available to other students.

**C. KHRC Jurisdictional Response and Referral to U.S. Department of Education OCR**

27. On February 4, 2026, Plaintiff filed a complaint with the Kansas Human Rights Commission ("KHRC") alleging disability discrimination arising from KU's categorical denial of access to COA appeals and related educational benefits and services.

28. On February 4, 2026, KHRC responded by email stating that alleged student discrimination in school or university settings "does not fall within the KHRC's jurisdiction for public accommodations," and further stating that "the KHRC lacks jurisdiction to investigate complaints of discrimination in public schools regarding student matters," citing a Kansas Supreme Court decision: *Kansas Commission on Civil Rights v. U.S.D. No. 501*. KHRC further advised Plaintiff that it routinely refers individuals with inquiries such as Plaintiff's to the U.S. Department of Education, Office for Civil Rights ("OCR").

29. Plaintiff brings the Kansas Act Against Discrimination claim (Count IV) under this Court's supplemental jurisdiction and Plaintiff alleges that he has attempted to exhaust state administrative remedies in good faith and that KHRC's jurisdictional refusal renders further KHRC exhaustion unavailable or futile, to the extent exhaustion would otherwise be argued by Defendants.

### D.  Ongoing harm and need for injunctive relief

30. KU's categorical decision is ongoing and threatens Plaintiff's ability to obtain the financial aid necessary to meet disability-related educational expenses and continue enrollment on equal terms.

31. Plaintiff has demanded rescission and a return to case-by-case review and has provided notice that he will seek judicial relief if the discriminatory policy is not reversed.

### V.  LEGAL FRAMEWORK (INCORPORATED FACTS)

32. Federal law contemplates that, for a student with a disability, the COA may include an allowance for disability-related expenses as determined by the institution.

33. The Department of Education's Section 504 regulations prohibit denying benefits or subjecting qualified disabled students to discrimination in postsecondary financial aid and

related benefits and prohibit providing less assistance, limiting eligibility, or otherwise discriminating in the provision of financial assistance.

34. Title II regulations prohibit eligibility criteria that screen out or tend to screen out individuals with disabilities unless necessary and require reasonable modifications where needed to avoid discrimination.

35. The Tenth Circuit has held that "rational" or paternalistic justifications are not a defense to discrimination under Section 504; the inquiry is whether the University has, in fact, discriminated on the basis of disability.

## VI. CLAIMS FOR RELIEF

**COUNT I — Title II ADA (42 U.S.C. § 12132) — Against KU**
(Disability Discrimination / Denial of Benefits / Disparate Treatment; and Failure to Reasonably Modify)

36. Plaintiff incorporates all paragraphs.

37. KU is a public entity subject to Title II of the ADA.

38. Plaintiff is a qualified individual with a disability and was otherwise eligible to participate in and receive the benefit of KU's COA appeal process and financial aid administration.

39. KU denied Plaintiff the benefits of its services, programs, or activities by categorically denying Plaintiff any future COA increases and preventing Plaintiff from accessing the COA appeal process on the same terms as other students.

40. KU's stated basis—Plaintiff's debt—functions as an ad hoc eligibility criterion that screens out a student whose COA increases are sought for disability-related and medical expenses and was imposed without individualized assessment.

41. KU's categorical denial constitutes discrimination "by reason of" disability and/or a failure to reasonably modify its practices to permit equal access.

42. Plaintiff is entitled to declaratory and injunctive relief and compensatory damages as permitted by law.

**COUNT II — Section 504 Rehabilitation Act (29 U.S.C. § 794) — Against KU**
(Disability Discrimination in a Federally Funded Program)

43. Plaintiff incorporates all paragraphs.

44. KU receives federal financial assistance and is subject to Section 504.

45. Plaintiff is an otherwise qualified individual with a disability.

46. KU excluded Plaintiff from, denied Plaintiff the benefits of, and subjected Plaintiff to discrimination under KU's financial aid/COA appeal process by reason of disability and disability-related circumstances, including disability-related expenses that the COA process is designed to evaluate.

47. KU's categorical denial provides Plaintiff less assistance and limits eligibility for financial aid benefits compared to other students and violates Section 504's implementing regulations as described in the record.

48. KU's conduct was at least deliberately indifferent to Plaintiff's federally protected rights, warranting compensatory damages as allowed by law.

**COUNT III — Prospective Relief (Ex parte Young) — Against Karlin, Girod, and Grunewald in Official Capacities**

(Declaratory and Injunctive Relief to End Ongoing Violations of Federal Law)

49. Plaintiff incorporates all paragraphs.

50. Plaintiff seeks prospective injunctive and declaratory relief to end ongoing violations of Title II and Section 504, including an injunction prohibiting Defendants from denying or preventing Plaintiff's access to COA appeals based on a debt ceiling or categorical rule tied to disability-related circumstances.

**COUNT IV — Kansas Law: Breach of Implied Contract / Promissory Estoppel / Breach of Duty of Good Faith and Fair Dealing — Against KU**

51. Plaintiff incorporates all paragraphs.

52. KU publicly maintained and implemented a COA appeal/professional judgment process under which students could seek case-by-case COA increases when they had "excess expenses," including medical and disability-related costs.

53. KU approved Plaintiff's COA appeals for approximately four years based on documentation of disability-related and medical expenses.

54. KU's policy and consistent course of conduct created a reasonable expectation that, if Plaintiff documented allowable expenses, KU would evaluate and determine COA increases on an individualized, case-by-case basis using professional judgment.

55. Plaintiff relied on KU's COA appeal process and approvals to plan his finances and continue enrollment.

56. KU then abruptly announced an "institutional decision" to deny any and all future COA increase requests by Plaintiff (except expenses already included in the standard COA), citing Plaintiff's accumulated loan debt, and doing so without identifying any published, uniformly applicable rule establishing a debt limit for COA appeals.

57. KU's abrupt deviation from its established policy/process and past practice—targeted specifically at Plaintiff—was arbitrary and inconsistent with the reasonable expectations KU created through its published process and repeated approvals.

58. As a direct and proximate result of KU's breach of implied contractual obligations and/or promissory representations (and breach of the duty of good faith and fair dealing), Plaintiff has suffered and continues to suffer damages, including financial harm and impairment of equal access to educational benefits tied to KU's COA appeal process.

59. To the extent KU asserts sovereign immunity or other defenses to damages on this state-law claim, Plaintiff pleads this count in the alternative and seeks all relief available, including (where permissible) restitutionary relief and/or equitable relief consistent with the Court's power to remedy ongoing unlawful conduct.

**COUNT V — Declaratory Judgment (28 U.S.C. §§ 2201–2202) — Against Defendants (as applicable)**

60. Plaintiff incorporates all paragraphs.

61. An actual controversy exists as to whether Defendants' categorical denial of access to COA appeals violates Title II and Section 504 and whether Defendants must provide individualized, non-discriminatory COA appeal review.

62. Plaintiff seeks a declaration of the parties' rights and obligations and further relief consistent with that declaration.

## VII.    PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and grant:

A. Declaratory relief declaring that Defendants' categorical denial and/or prevention of Plaintiff's access to COA appeals based on disability-related circumstances violates Title II of the ADA and Section 504 of the Rehabilitation Act;

B. Plaintiff further requests such additional equitable relief as is necessary to restore and preserve Plaintiff's access to KU's COA appeal process consistent with KU's published process and past practice.

C. A preliminary and permanent injunction ordering KU and the official-capacity Defendants to:

   1. rescind the December 8, 2025 and February 3, 2026 categorical 'institutional decision' as applied to Plaintiff;

   2. accept, review, and decide Plaintiff's COA appeals on an individualized, case-by-case basis using professional judgment, without any undisclosed debt ceiling

   3. cease and desist from limiting Plaintiff's eligibility or providing less assistance in the COA/financial aid process on the basis of disability;

D. Compensatory damages in an amount to be determined at trial, not less than $10,000,000, to the extent permitted by law;

E. Attorneys' fees and costs as allowed by statute, plus taxable costs;

F.  Pre-judgment and post-judgment interest as allowed by law; and

G.  Such other and further relief as the Court deems just and proper.

## VIII. Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable in this action. Plaintiff respectfully requests that this Complaint be tried before a jury of his peers to determine all questions of fact and law as permitted by the U.S. Constitution, the Federal Rules of Civil Procedure, and any applicable statutes.

Respectfully submitted this 5th day of February 2026.

Michael Friedmann
*Pro Se*
9121 Dalwood Rd SW
Lakewood, Washington 98499
(253) 459-3096
golgothapictures@hotmail.com